UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| CYMEYON HILL, | No. 2:19-cv-2148-MCE-EFB P |
|---|---|
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| L. MONTOYA KENNEDY, | |
| Defendant. | |

Plaintiff, a civil detainee, proceeds without counsel in this action brought pursuant to 42 U.S.C. § 1983. He has filed an application for leave to proceed in forma pauperis.

Application for Leave to Proceed in Forma Pauperis

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis is granted. Because plaintiff is a civil detainee, and therefore not a prisoner within the meaning of the Prison Litigation Reform Act, he is not required to pay the court's filing fee under 28 U.S.C. § 1915A. *Page v. Torrey*, 201 F.3d 1136, 1140 (9th Cir. 2000).

Screening Requirement

Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

1

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

## Screening Order

Plaintiff's allegations are not sufficient to survive screening. In short, he claims that defendant Kennedy misappropriated funds from plaintiff's inmate trust account. Any due process claim based on the deprivation of plaintiff's personal property, however, is not cognizable. Even in the event of an intentional deprivation of property, there is no cognizable claim if "a meaningful post-deprivation remedy for the loss is available." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). The U.S. Court of Appeals for the Ninth Circuit has held that California law provides such a remedy for property deprivations by public officials. *See Barnett v. Centoni*, 31

F.3d 813, 816 (9th Cir. 1994). As there is no cognizable federal claim, the complaint cannot survive screening and should be dismissed without further leave to amend. *Plumeau v. School Dist. # 40*, 130 F.3d 432, 439 (9th Cir. 1997) (denial of leave to amend appropriate where further amendment would be futile).

<u>Conclusion</u>

Accordingly, it is ORDERED that plaintiff's application for leave to proceed in forma pauperis (ECF No. 2) is granted.

Further, it is RECOMMENDED that plaintiff's complaint (ECF No. 1) be DISMISSED without leave to amend for failure to state a cognizable claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: April 8, 2020.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

3